UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELOPERS SURETY AND
INDEMNITY COMPANY,

    Plaintiff,

v.                                          CASE NO.: 8:10-cv-2672-T-23-TBM

SOUTHERN SITE WORKS, INC.,
DAVID REAMER, and
ELVAJEAN REAMER,

    Defendants.
_____/

## **ORDER**

The plaintiff sues (Doc. 1) for breach of an indemnity agreement. The corporate defendant is defaulted (Doc. 9), the proceeding is stayed as against the individual defendants pursuant to 11 U.S.C. § 362 (Doc. 7), and the plaintiff moves for a default judgment against the corporate defendant (Doc. 12). Although the plaintiff's motion is directed toward the corporate defendant, the individual defendants purport to object to the extent the entry of the default judgment "would have a preclusive effect on the amount or validity of the Developers' claim in the Debtors' bankruptcy case." (Doc. 11)[1] The individual defendants neither elaborate and state a legal basis for an objection nor expressly request relief. The putative objection (Doc. 11) is **OVERRULED**.

The motion (Doc. 12) is **GRANTED**. The Clerk is directed (1) to enter judgment in favor of the plaintiff, Developers Surety and Indemnity Company, and against the

---

[1] The objection is directed at Doc. 10, which is superseded by Doc. 12 due to a filing error. The objection is construed as directed at Doc. 12.

- 2 -

defendant Southern Site Works, Inc., in the amount of $709,000.00, plus prejudgment interest from August 20, 2010,[2] to the day of judgment, plus judgment interest; (2) to terminate any pending motion; and (3) to close the case.  Local Rule 4.18 governs the application for attorney's fees and costs.

ORDERED in Tampa, Florida, on January 28, 2011.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The motion mentions but omits an affidavit "showing the total due to DEVELOPERS under the Indemnity Agreement, excluding interest and attorney's fees, as of January 1, 2011."  (Doc. 12, Page 4)  The original motion, Doc. 10, contains an affidavit but asserts the $709,000.00 debt only.  (Doc. 10-1)